Cabuthees, J.,
delivered the opinion of the court.
The defendant was indicted i,n the circuit court of Franklin county for extortion. A subpoena came to his hands as constable, for two witnesses in an action then pending before a justice of the peace, which he failed to execute, but returned the same as duly served, and when the cost was collected, received the legal fee for the service of the process, the same having been taxed in the bill of cost, upon his false x-eturn. He was convicted, and a new tidal refused, and he appealed to this court.
Several questions are here made. 1st. It is insisted that the constable’s official return of service is con- *162 elusive, and no proof can be heard to contradict it, unless the proceeding against him was for a false return; that this is a collateral proceeding, in which the return cannot be impeached, but that the same is an impregnable defence against this indictment. To sustain this position, reference is made to Love vs. Smith, 4 Yerg., 125. McBee vs. State, Meigs, 122.
What is extortion? It is the taking by color of an office, money or other thing, of value,, that is not due, before it is due, or more than is due. 4 Black. Com. 141.
Fees are a compensation allowed by law for specific services by an officer. They are fixed by acts of assembly. No fees are due until the service is rendered. It is an indictable offence, extortion in any officer to take any money by color of his office, where he has not done the particular service for which the fee is allowed.
The charge here is, that the defendant took and received the fees allowed for serving two subpoenas on witnesses, without having executed them. The very .question to be tried is, whether the service was performed? That is the'issue. On this issue, he relies upon his own return, as conclusive evidence in his favor. If this principle were admitted, there would be no protection against the unlawful exactions of officers. They could always protect themselves by their own returns.
The rule relied upon, and which is so well established, that the return of an officer cannot be impeached, in a collateral proceeding, and that no averment can be made , against it, has no application to a case like this; it is no shield .to a guilty officer for extort *163 ing money as fees which he has not earned.
The truth of his return is put directly in issue by the indictment, it is directly and not collaterally brought in question. It would, perhaps, be prima facie evidence, that the service was rendered, but not conclusive. It is presumed, that a sworn officer will do his duty, and mate correct returns of his official actions on process; but when such action or return is brought in question, directly, either in a civil or criminal prosecution, against him, this presumption may be overthrown by proof, and this is such a case.
2. But it is contended, that the fees in question were received upon a judgment of the justice, and therefore, not criminal. It is true, that the magistrate gave a judgment for debt and costs. These costs were not set out in items, and the judgment could only cover-such costs as were legal, and gave no sanction to the collection of such as were not due. Under such a judgment, the officer must collect the costs at his peril, and beware that he extorts none to which he is not by law entitled, and for which the defendant is not legally liable. If he transcends these limits, he is guilty of extortion. In this case, the debt and costs were left with the justice for defendant, with a caution, against taking the fees for summoning the witnesses in question, but he received it under a claim of right. This is regarded in the law, as a very odious offence, and when made out, should be rigidly punished by the courts. There is too much reason to believe, that many public officers, taking advantage of the trust and confidence of the people, and their want of information on the subject, together with a general reluctance of suitors, *164 to enter into a contest, or incur the enmity of those in office, for small amounts, are guilty of much abuse on the subject of fees.
It is to be presumed that the law allows] just and proper compensation to all its officers for the services required of them, and if the fees be inadequate, it is no excuse for illegal exactions, because the offices are taken with a knowledge of the duties required, and the remuneration allowed, and can be readily surrendered, whenever the occupant thinks the pay is not sufficient for the labor and responsibility.
We find no error in the record, and affirm the judgment.